UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASON HUHN,** individually and on behalf of all others similar situated,<br><br>Plaintiff<br><br>-against-<br><br>**CONSOLIDATED TRAVEL HOLDINGS GROUP, INC.; CONSOLIDATED WORLD TRAVEL, INC. dba HOLIDAY CRUISE LINE; CRUISE OPERATOR INC. dba BAHAMAS PARADISE CRUISE LINE; BAHAMAS PARADISE CRUISE LINE, LLC; ELITE MARKETING, INC.; JAMES H. VERRILLO**; and JOHN DOES 1-25,<br><br>Defendants | Civil Case No.:<br><br><u>**CIVIL ACTION**</u><br><br>**CLASS ACTION COMPLAINT**<br>and<br>**JURY TRIAL DEMAND** |

Plaintiff, JASON HUHN (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through his attorneys, Marcus Law, LLC, against Defendants Consolidated Travel Holdings Group, Inc.; Consolidated World Travel, Inc. dba Holiday Cruise Line; Cruise Operator Inc. dba Bahamas Paradise Cruise Line; Bahamas Paradise Cruise Line, LLC; Elite Marketing, Inc.; and James H. Verrillo (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## **INTRODUCTION**

1. Defendants have illegally contacted Plaintiff and numerous putative class members on

their cellular telephones via text message offering Plaintiff and putative class members a "free cruise."

2. Notwithstanding the fact that this cruise is not free, which may violate various other consumer protection laws not at issue here, the text messages are sent in violation of the Telephone Consumer Protection Act's ("TCPA") prohibition of sending text messages to cellular telephone numbers using automatic dialing technology without the prior express consent of the individual to whom the text message was sent.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), 1391(b)(2) because Plaintiff resides in this judicial district, this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred, and Defendant conducted business within this judicial district at all times relevant.

## PARTIES

5. Plaintiff Jason Huhn is a natural person and a resident of Morris County in the State of New Jersey.

6. Defendant Consolidated Travel Holdings Group, Inc. ("CTH") is a holding company and a Florida corporation with its principal place of business at 2419 E Commercial Boulevard Suite 100, Fort Lauderdale, Florida 33308.

7. Defendant Consolidated World Travel, Inc. dba Holiday Cruise Line ("CWT") is a Florida corporation with its principal place of business at 2121 W. Oakland Park Boulevard Suite 1, Fort Lauderdale, Florida 33311.

8. Defendant Cruise Operator Inc. dba Bahamas Paradise Cruise Line ("Cruise Operator

Inc.") is a Florida corporation with its principal place of business at 1 East 11th Street Suite 200, Riviera Beach, Florida 33404.

9. Defendant Bahamas Paradise Cruise Line, LLC ("BPCL, LLC") is a Florida corporation with its principal place of business at 1 East 11th Street Suite 200, Riviera Beach, Florida 33404.

10. Defendant Elite Marketing, Inc. ("Elite Marketing") is a Florida corporation with its principal place of business at 6339 Memorial Highway, Tampa, Florida 33615.

11. Defendant James H. Verrillo ("Verrillo") is a natural person and a resident of the State of Florida.

12. Upon information and belief, Defendant Verrillo, individually and/or through his holding company, Defendant CTH, owns, directs, and/or relevantly controls Defendants CWT, Cruise Operator Inc., and BPCL, LLC.

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

14. Defendants are all "persons" as defined by 47 U.S.C. § 227(a)(2)(A).

## ALLEGATIONS OF FACT

15. Plaintiff brings this action individually and on behalf of all others similarly situated for Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (hereinafter "TCPA").

16. The TCPA prohibits sending a text message solicitation to a cellular telephone using an auto-dialer without the prior express written consent of the called party.

17. Plaintiff is the "called party" with respect to the text message placed to his cellular

telephone number, 973-590-1295.

18. On or about March 11, 2014, Plaintiff received the following text message from Defendants:



19. The text message at issue was placed by Defendant using an automated telephone dialing system (hereafter "ATDS") in violation of the TCPA.

20. The ATDS used by Defendant has the capacity to store or produce telephone numbers to text, using a random or sequential number generator.

21. The number 305-602-0983 connects you to a company identifying itself as "Travel Services," which then immediately transfers the caller to "Holiday Cruise Line."

22. Defendant CWT dba Holiday Cruise Lines, acting in conjunction with, as an agent of, and/or wholly owned company of Defendants CTH, Cruise Operator Inc., BPCL, LLC, Elite Marketing, and Verrillo, sent the text message to Plaintiff's cellular phone in violation of the TCPA.

23. Upon information and belief, Defendants sent similar text messages to thousands of individuals nationwide using an automatic dialing system and without the consent of those individuals.

24. At no point did Plaintiff consent to receiving such text messages.

25. At no point did Plaintiff enter into a business relationship with Defendants.

26. The text message constitutes a telephone solicitation.

27. The text message was not for an emergency purpose.

28. Defendants negligently, willfully and/or knowingly violated the TCPA with respect to Plaintiff Jason Huhn and putative class members.

29. As a direct and proximate result of Defendants acts or omissions, as set forth herein, Plaintiff and putative class members have suffered compensatory, statutory, and actual damages.

30. Upon information and belief, Defendants have similarly sent text messages in violation of the TCPA to thousands of others nationwide.

31. Accordingly, Plaintiff seeks, on behalf of himself and all others similarly situated,

damages and declaratory and injunctive relief pursuant to the TCPA.

## RELATIONSHIP AMONG DEFENDANTS

32. Defendant CWT sends automated text messages to individuals advertising a "free cruise" and providing a phone number that an individual must call to redeem this cruise.

33. When the number in the text message is called, the caller is connected with a company identifying itself as "Travel Services." The operator explains that he or she sees the caller is calling about a free cruise, and immediately "transfers" the caller to "Holiday Cruise Line."

    a. Defendant CTH also identifies itself as "Travel Services." Defendant CTH is the sponsor for the Consolidated Travel Holdings Group, Inc. Employee Stock Ownership Plan. The "sponsor's telephone number" is 954-630-9449. **Exhibit A.**

    b. When that phone number is called, a prerecorded voice answers and states: "Thank you for calling Travel Services."

    c. Finally, when you reach an operator at that number and ask to be connected to "Consolidated World Travel," the operator indicates that you have reached Consolidated World Travel.

34. "Holiday Cruise Line" offers the caller a "free vacation" to the Bahamas aboard the "Grand Celebration," departing out of Palm Beach, Florida.

    a. Upon information and belief, both "Travel Services" and "Holiday Cruise Line" are the same entity.

    b. Holiday Cruise Line is the registered fictitious name of Defendant CWT.

35. Holiday Cruise Line operates at least two websites: holidaycl.com and holiday-cruiseline.com.

a.  Holidaycl.com is registered to Defendant CWT:

```
Whois Record ( last updated on 2015-03-20 )

Domain Name: HOLIDAYCL.COM
Registry Domain ID: 1728298311_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.gkg.net
Registrar URL: http://www.gkg.net
Updated Date: 2014-06-06T08:47:52.0Z
Creation Date: 2012-06-19T16:17:41.0Z
Registrar Registration Expiration Date: 2015-06-19T16:17:41.0Z
Registrar: GKG.NET, INC.
Registrar IANA ID: 93
Registrar Abuse Contact Email: abuse@gkg.net
Registrar Abuse Contact Phone: +1.8776951790
Domain Status: clientTransferProhibited
Registry Registrant ID: GKG-C0000307B2
Registrant Name: Consolidated World Travel, Inc. Consolidated World Travel, Inc.
Registrant Organization: Consolidated World Travel, Inc.
Registrant Street: 2121 W Oakland Park Blvd.
Registrant Street: Suite 1
Registrant City: Fort Lauderdale
Registrant State/Province: FL
Registrant Postal Code: 33311
Registrant Country: US
Registrant Phone: +1.8886020024
Registrant Email: c7e865bb84e07132f8b996cafa3d92586a947eb5@whois.gkg.net
Registry Admin ID: GKG-C0000307B2
Admin Name: Consolidated World Travel, Inc. Consolidated World Travel, Inc.
Admin Organization: Consolidated World Travel, Inc.
Admin Street: 2121 W Oakland Park Blvd.
Admin Street: Suite 1
Admin City: Fort Lauderdale
Admin State/Province: FL
Admin Postal Code: 33311
Admin Country: US
Admin Phone: +1.8886020024
Admin Email: c7e865bb84e07132f8b996cafa3d92586a947eb5@whois.gkg.net
Registry Tech ID: GKG-C0000307B2
Tech Name: Consolidated World Travel, Inc. Consolidated World Travel, Inc.
Tech Organization: Consolidated World Travel, Inc.
Tech Street: 2121 W Oakland Park Blvd.
Tech Street: Suite 1
Tech City: Fort Lauderdale
Tech State/Province: FL
Tech Postal Code: 33311
Tech Country: US
Tech Phone: +1.8886020024
Tech Email: c7e865bb84e07132f8b996cafa3d92586a947eb5@whois.gkg.net
Name Server: NS1.SUN64.COM
Name Server: NS2.SUN64.COM
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.interni
c.net/
```

b.  The logo on HolidayCL.com is:



c.  HolidayCL.com advertises a cruise aboard the Grand Celebration, departing from the Port of Palm Beach in South Florida.

d. Site holiday-cruiseline.com also advertises a cruise to the Bahamas aboard the Grand Celebration, departing from the Port of Palm Beach. The logo on holiday-cruiseline.com is nearly identical to that on holidaycl.com:



e. These similarities (name, logo, purpose) indicate that these are the same company.

f. holiday-cruiseline.com is registered to Defendant Verrillo, on behalf of the organization "Holiday Cruise Line," doing business out of 2419 E Commercial Blvd Suite 100, Fort Lauderdale, FL 33308:

```
Domain Name: HOLIDAY-CRUISELINE.COM
Registry Domain ID: 1736552422_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.godaddy.com
Registrar URL: http://www.godaddy.com
Update Date: 2014-07-09T17:19:03Z
Creation Date: 2012-07-31T07:36:41Z
Registrar Registration Expiration Date: 2015-07-31T07:36:41Z
Registrar: GoDaddy.com, LLC
Registrar IANA ID: 146
Registrar Abuse Contact Email: abuse@godaddy.com
Registrar Abuse Contact Phone: +1.480-624-2505
Domain Status: clientTransferProhibited http://www.icann.org/epp#clientTransferProhibited
Domain Status: clientUpdateProhibited http://www.icann.org/epp#clientUpdateProhibited
Domain Status: clientRenewProhibited http://www.icann.org/epp#clientRenewProhibited
Domain Status: clientDeleteProhibited http://www.icann.org/epp#clientDeleteProhibited
Registry Registrant ID:
Registrant Name: James Verillo
Registrant Organization: Holiday Cruise Line
Registrant Street: 2419 E Commerical Blvd
Registrant Street: Suite 100
Registrant City: Fort Lauderdale
Registrant State/Province: FL
Registrant Postal Code: 33308
Registrant Country: United States
Registrant Phone: +1.9543314154
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: mhunter@rwili.onmicrosoft.com
```

    g. Defendant Verrillo has also registered the website discountedcruise.info. While this site is inactive, it is registered to "James Verrillo" on behalf of Holiday Cruise Line, doing business out of 2419 E Commercial Boulevard Suite 100, Fort Lauderdale, Florida 33308.

36. Defendant CTH, a holding company owned by Defendant Verrillo and Daniel Lambert, also lists its address with the Florida Department of State as 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308 – the same address registered to several "Holiday Cruise Line" related websites.

    a. 2419 E Commercial Blvd is owned by Paramount Building Group LLC, which in turn is owned by Defendant Verrillo as well as Daniel Lambert and Gerald Greenspoon.

37. The "Grand Celebration" – the cruise ship advertised by Defendant CWT – is owned by Bahamas Paradise Cruise Line (though it is unclear at this stage whether the ship is actually owned by Defendant Cruise Operator Inc. dba Bahamas Paradise Cruise Line or Defendant BPCL, LLC).

    a. Defendant Verrillo, along with Daniel Lambert, Charles Kinnear, and Edward Levitan, owns Defendant Cruise Operator Inc. dba Bahamas Paradise Cruise Line.

    b. Defendant BPCL, LLC, fka Grand Holiday Cruise Line, is owned by Charles Kinnear and Edward Levitan.

    c. A March 5, 2015 Press Release by the Bahamian Government[1] identified Defendant Verrillo as "Director of Marketing Partnership" for Bahamas Paradise Cruise Line.

38. Jennifer Poole, the former president of Defendant CWT (at least until Defendant CWT's

---

[1] http://goo.gl/zx2FjO (shortened link)

March 18, 2014 annual filing), is identified in at least one source[2] as a Marketing Executive for National Travel Service, Inc, a company owned by Defendant Verrillo and Defendant CTH.

39. All corporate entities also share the same registered agent: Greenspoon Marder – the law firm of Gerald Greenspoon, co-owner of Paramount Building Group LLC, which owns the 2419 E Commercial Blvd address.

40. To summarize:

**SAME COMPANIES**

- Defendant CTH's phone number is 954-630-9449. **Exhibit A**.

- Calling that number leads the caller to an automated voice thanking the caller for calling Travel Services – the same company that is initially reached when calling the number in the text message at issue here.

- When the caller connects to an operator and asks to be connected with Consolidated World Travel, the operator indicates the caller has reached Consolidated World Travel.

**SAME WEBSITES**

- Defendant CWT dba as Holiday Cruise Line sends text messages in violation of the TCPA promoting cruises to the Bahamas aboard the "Grand Celebration."

- Defendant CWT owns holidaycl.com which also advertises a cruise to the Bahamas aboard the "Grand Celebration."

- Defendant Verrillo has registered at least two domain names on behalf of Holiday Cruise Line: discountedcruise.info and holiday-cruiseline.com.

---

[2] http://national-travel-service-inc.fort-lauderdale.fl.amfibi.company/us/c/5393819-national-travel-service-inc

- Holiday-cruiseline.com advertises a cruise to the Bahamas aboard the "Grand Celebration."

**SAME OWNERS/AGENT**

- The Grand Celebration is owned by either Defendant Cruise Operator Inc. or Defendant BPCL, LLC.

- Defendant Verrillo is an owner of Defendant Cruise Operator Inc. and the "Director of Marketing Partnership" for Defendant BPCL, LLC.

- Jennifer Poole, former President of Defendant CWT (through at least March 18, 2014), is or was Marketing Executive for National Travel Service, Inc, which is owned by Defendant Verrillo and Defendant CTH.

- Defendant corporations all share the same registered agent.

**SAME ADDRESSES**

- Discountedcruise.info and Holiday-cruiseline.com are registered to address 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308.

- Defendant CTH also operates out of 2419 E Commercial Blvd Suite 100, Fort Lauderdale, Florida 33308.

- Defendant Verrillo is owner of Defendant CTH.

- Defendant Verrillo, through his company Paramount Building Group LLC, owns 2419 E Commercial Blvd, Fort Lauderdale, Florida 33308.

41. For the Court's convenience, these relationships are diagrammed in **Exhibit B**.

42. Based on the above, upon information and belief, Defendant Verrillo, individually and through his holding company, Defendant CTH, directs, encourages, or otherwise exercises control and discretion over Defendant CWT in Defendant CWT's dissemination

of automated text messages in violation of the TCPA, in conjunction with, and in order to benefit, Defendant Verrillo's other business ventures, Defendant Cruise Operator Inc. and Defendant BPCL, LLC.

43. Upon information and belief, Defendant CWT is wholly owned by Defendant CTH.

44. The Canadian Radio-television and Telecommunications Commission (CRTC) apparently reached the same conclusions, and on March 11, 2015, fined Defendant CTH $200,000 for "initiating telemarketing telecommunication via an Automatic Dialing-Announcing Device (ADAD) without obtaining express consent from the consumers."[3] These calls advertised free cruises.

## DEFENDANT ELITE MARKETING

45. The phone number to which "HolidayCL.com" is registered – 1-888-602-0024 – belongs to Web Productions, Inc.

46. Michael W. Hunter is the President of "Web Productions, Inc."

47. Upon information and belief, the email address to which holiday-cruiseline.com is registered – mhunter@rwili.onmicrosoft.com – belongs to Michael W. Hunter of Web Productions, Inc.

48. Mr. Hunter, along with William S. Kilichowski, appears to be the operator of an unregistered entity "Total Reach Marketing," as the 888-602-0024 phone number mentioned in ¶ 44, as well as Michael Hunter's email addresses (mhunter@web-productions.com and MHunter@rwili.onmicrosoft.com), are prominently displayed on the page.

49. "Total Reach Marketing" advertises itself as an "ALL-IN-ONE MARKETING" solution, specializing in "mobile text + email + voice broadcast + IM + Social Media."

---

[3] http://www.crtc.gc.ca/eng/archive/2015/vt150311.htm

50. The domain name for "Total Reach Marketing," www.totalreachmarketing.com, is registered to "Total Reach Marketing," at the address 6339 Memorial Highway, Tampa, Florida 33615.

51. William S. Kilchowski, using the email address bill@elitemarketing.biz, also appears to be an owner or operator of "Total Reach Marketing."

52. "Elitemarketing.biz" is the domain name for Defendant Elite Marketing.

53. Defendant Elite Marketing and unregistered entity "Total Marketing Solutions" share the same principal address: 6339 Memorial Highway, Tampa, Florida 33615.

54. The phone number to which the domain name of Total Reach Marketing is registered – 813-884-3545 – is a phone number belonging to Defendant Elite Marketing.

55. Upon information and belief, Total Reach Marketing is wholly owned and operated by Defendant Elite Marketing.

56. As of March 23, 2015, the following was prominently displayed on Elitemarketing.biz:

> **Latest Updates**
>
> **01.16.15**
>
> **Bahamas Paradise Cruise Line**  Elite Marketing welcomes our new client, Bahamas Paradise Cruise Line We look forward to developing new and unique marketing campaigns.
>
> **09.10.14**
>
> **Alan Thicke** and **Tanya Thicke** record for Elite's client Caribbean Cruise Line.  Alan is best known for his role as Jason Seaver, the patriarch on the ABC television series *Growing Pains*.

57. Caribbean Cruise Line is another entity previously associated with Defendant Verrillo and Daniel Lambert, according to an NBC 6 investigation in January 2015[4] and is subject to a pending lawsuit related to violations of the TCPA. *Birchmeier et al. v. Caribbean Cruise Line, Inc., et al.*, 12-cv-04069 (N.D. Ill.).

58. Upon information and belief, Defendant Elite Marketing worked in conjunction with, or as the agent of, the other Defendants in the creation, planning, and execution of the advertising scheme at issue here.

## DEFENDANT VERRILLO

59. Upon information and belief, Defendant Verrillo, by and through his companies named as Defendants and others yet to be named, is the chief architect of the abusive practices detailed herein.

60. Defendant Verrillo has faced allegations of deceptive and/or abusive practices related to cruise marketing and fees dating back over a decade.

61. In 2000, a final judgment and consent decree was entered against National Travel Services, Inc., Plaza Resorts, Inc., Daniel Lambert, and James H. Verrillo for engaging in unfair and deceptive practices related to the marketing and sale of cruises.

62. In 2010, a final consent judgment was entered against Imperial Majesty Cruise Line, L.L.C., another company affiliated or owned by Defendant Verrillo, related to charging fees above the advertised fare. The consent decree required Imperial Majesty Cruise Line to pay $16 million in fines and restitution.

63. Imperial Majesty's website – www.imperialmajesty.com – now redirects to a website for Bahamas Paradise Cruise Line.

---

[4] http://www.nbcmiami.com/news/local/NBC-6-Investigation-Caribbean-Cruise-Line-290281751.html

## CLASS ACTION ALLEGATIONS

64. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

65. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States to whose cellular phone a text message was sent through the use of an automatic telephone dialing system, within the four years prior the filing of this complaint, by, on behalf of, or for the benefit of Defendants, and who did not provide prior express consent for such text messages.

66. Excluded from the class are Defendants and any entities in which Defendants have a controlling interest; Defendants' agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediately families, and claims for personal injury, wrongful death, and/or emotional distress.

67. Plaintiff does not know the exact number of members in the Class, but a simple internet search of the callback number in the text message reveals hundreds of complaints.[5] Upon information and belief, this is just one of the callback numbers used by Defendants.

68. Plaintiff and the Class have been harmed by the acts of Defendants.

69. This Class Action Complaint seeks injunctive relief and money damages.

70. The joinder of all Class Members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

71. The class can be easily ascertained through records maintained by Defendants and/or through phone records maintained by Plaintiff, the Class, and their wireless carriers.

72. There are well-defined, nearly identical, questions of law and fact affecting all parties.

---

[5] http://800notes.com/Phone.aspx/1-305-602-0983; http://jerkcall.com/1-305-602-0983; http://whocallsme.com/Phone-Number.aspx/3056020983

The questions of law and fact involving the class claims predominate over questions which may affect individual class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants initiated any non-emergency telephonic communications to the Class using any automatic dialing system;

b. Whether Defendants can meet their burden of showing they obtained prior express consent;

c. Whether Defendants' conduct was knowing and/or willful;

d. Whether and to what extent each Defendant acted as an agent of, or in concert with, the other Defendants;

e. Whether Defendants are liable for damages, and the amount of such damages; and

f. Whether Defendants should be enjoined from engaging in such conduct in the future.

73. As a person who received a text message from Defendants to his cellular phone using an automatic telephone dialing system without his prior express consent, Plaintiff asserts claims that are typical of each putative Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and have no interests which are antagonistic to any member of the Class.

74. Plaintiff has retained counsel experienced in and capable of handling class action claims involving violations of the TCPA.

75. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interest of class members in prosecuting separate claims is small.

Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the text messages at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular phones.

76. Defendants have acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## COUNT I

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

77. Plaintiff and the Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

79. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

80. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//

## COUNT II

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
47 U.S.C. § 227 *ET SEQ.***

81. Plaintiff and the Class incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

83. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

84. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff and the Class seek $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff and the Class seek up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. §

227(b)(3)(A); and any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 31, 2015                          s/ Ari H. Marcus, Esq.
                                               Ari Marcus, Esq.
                                               MARCUS LAW, LLC
                                               1500 Allaire Avenue, Suite 101
                                               Ocean, New Jersey 07712
                                               Telephone: (732) 695-3282
                                               Facsimile: (732) 298-6256
                                               *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 31, 2015

*/s/ Ari Marcus*
Ari Marcus, Esq.


## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If any defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

*/s/ Ari Marcus*
Ari Marcus, Esq.