# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASON HUHN,** individually and on behalf of all others similarly situated,<br><br>                Plaintiff<br><br>-against-<br><br>**CONSOLIDATED TRAVEL HOLDINGS GROUP, INC.; CONSOLIDATED WORLD TRAVEL, INC. dba HOLIDAY CRUISE LINE; CRUISE OPERATOR INC. dba BAHAMAS PARADISE CRUISE LINE; BAHAMAS PARADISE CRUISE LINE, LLC; JAMES H. VERRILLO**; and JOHN DOES 1-25,<br><br>                Defendants | Civil Case No.: 15-2298<br><br>Motion Date: July 20, 2015 |

## PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

# Contents

INTRODUCTION………………………………………………………………………………1

DISCUSSION ..................................................................................................................2

    A.    There is no Waste of Resources. ..................................................................2

    B.    The Status of Other Cases is Irrelevant to this Motion. ...............................4

CONCLUSION ................................................................................................................5

# Table of Authorities

**Cases**

*In re Air Crash Disaster at Paris*,
   376 F. Supp. 887 (J.P.M.L. 1974) ..........................................................................2

*Voltage Pictures v. Doe*, Case
   2013 U.S. Dist. LEXIS 155356 (D.N.J. May 31, 2013) ........................................1

**Statutes**

28 U.S.C. § 1407 ................................................................................................................2

Fed. R. Civ. P. 26(b) ..........................................................................................................1

i

## INTRODUCTION

On June 22, 2015, Plaintiff filed a Motion for Leave to Serve a Third-Party Subpoena on Whoisguard, Inc. to identify the owners of the two domain names from which the text messages at issue were sent. Prior to filing his motion, Plaintiff's counsel asked Whoisguard, Inc. if it would provide the requested information without a subpoena, but it stated that it could not. However, Whoisguard, Inc. seemed able and willing to comply, promising a quick turnaround time and offering to accept the subpoena via fax or email.

In his Motion, Plaintiff explained Rule 26(b)'s "good cause" legal standard for early discovery, the five elements[1] Courts should consider and how these elements are met here, and cited numerous cases allowing early discovery in order to identify potential defendants.

Defendants, in response, filed an opposition brief that utterly failed to address any of these elements, and instead argued for a stay less than two weeks after the Court chose *not* to stay the case and granted Defendants more limited relief in the form of an for extension of time to respond to Plaintiff's First Amended Complaint.

---

[1] Courts should also consider "(1) the timing of the request in light of the formal start to discovery; (2) whether the request is narrowly tailored; (3) the purpose of the requested discovery; (4) whether discovery burdens the defendants; (5) whether defendants can respond to the requests in an expedited manner." *Voltage Pictures v. Doe*, Case No. 12-6885, 2013 U.S. Dist. LEXIS 155356, *9 (D.N.J. May 31, 2013). As set forth in Plaintiff's Memorandum in Support, these elements are met here.

1

To that end, Defendants' opposition brief alternates between the disingenuous ("waste of resources") and the irrelevant ("other plaintiffs in other cases are running their cases differently").[2] Neither of these arguments can carry the day.

## DISCUSSION

A.  **There is no Waste of Resources.**

Defendants disingenuously argue that because there is currently an MDL proceeding pending and scheduled for hearing on July 30, anything done in this Court would necessarily be a waste of resources. Not so, and for a few reasons.

First, it is undisputed Courts retain jurisdiction and discretion over its cases during the pendency of consolidation proceedings. Rule 2.1(d) of the Rules for Multidistrict Litigation states that "[t]he pendency of a motion … before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." *See also In re Air Crash Disaster at Paris*, 376 F. Supp. 887 (J.P.M.L. 1974) ("[T]he mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon

---

[2] Defendants do raise an additional "argument" that "Plaintiff and his counsel do not oppose" consolidation. Defendants' point here is unclear, however. While it is true that Plaintiff Huhn has not filed an opposition to consolidation, whatever importance Defendants impute to this fact is equally and oppositely counterbalanced by the fact that Defendants *do* oppose consolidation.

matters properly presented to it for decision."). Defendants' overly-simplistic arguments that anything done here would be so wasteful that the case *must* be stayed instead goes against this well-established rule.

Second, Plaintiff requests an extremely limited *third-party* subpoena to identify the owners of the domain names from which texts were sent specifically *to Plaintiff*. The resource expenditure in serving and responding to this subpoena would be extraordinarily minimal for all involved. If anything, Defendants caused more of a "waste of resources" through its Motion-to-Stay-masquerading-as-an-Opposition Brief than the entire process would have had Defendants simply left the Motion unopposed or stipulated to the very limited relief sought.

Third, the discovery sought will be necessary whether or not the cases are consolidated. Any discovery on the owners of the domain names *now* will save the parties the time and effort of such discovery later. Once Whoisguard, Inc. complies with a subpoena to disclose ownership of "travelgiveaway.net" and "wildvacations.biz" it will never need to be served with a subpoena for that same information again. If the cases are consolidated, this information will be shared. If the cases are not consolidated, and the *Wiederhold* plaintiff later seeks information on these same domains (as Defendants suggest), the parties can coordinate and share that information between the two cases. There is simply no duplication of effort or waste of resources.

3

Finally, if the requested subpoena reveals that unnamed-entities own the domains from which the text messages were sent, these entities will likely need to be added to the complaint – whether through a Second Amended Complaint here, should consolidation be denied, or through a Consolidated Complaint. On the other hand, if the requested subpoena reveals that one of the named-entities owns the domains from which the text messages were sent, that information will, at a minimum, shape the future of the litigation, whether or not the cases get consolidated, and may need to be added to a Second Amended Complaint here or a Consolidated Complaint. Put simply, the information sought to be revealed through the requested subpoena will advance the ball whether or not the cases are consolidated, and it is more efficient to develop this information sooner rather than later to avoid retracing steps and potentially adding brand new defendants after discovery is already under way.[3]

**B.    The Status of Other Cases is Irrelevant to this Motion.**

Defendants also argue that Plaintiff Huhn's request for an early third-party subpoena is incompatible with the decisions of the *Moran* and *Wiederhold* plaintiffs,

---

[3] The above also holds true with respect to Defendants' request for a stay on the ground that some Defendants may contest personal jurisdiction. In addition, if anything, Defendants' argument here supports Plaintiff's request for early discovery, as discovery on which entities – named or not – owned the domain names from which the text messages were sent may be relevant in any motion to dismiss on personal jurisdiction grounds.

4

who have each agreed to stay their respective proceedings until a ruling on the pending motion for consolidation. But Plaintiff Huhn is not those plaintiffs, nor is his case subject to their stay. And while Plaintiff Huhn's counsel retains a strong working relationship with Plaintiff Moran's counsel and Plaintiff Weiderhold's counsel, and respects their decisions in their cases, Plaintiff Huhn's counsel's present duty is to Plaintiff Huhn and the putative class Plaintiff Huhn seeks to represent. Under the circumstances presented here, he actions of other plaintiffs in other cases is irrelevant to that duty.

## CONCLUSION

In light of the foregoing, and for the reasons set forth in Plaintiff's Memorandum in Support, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.

**Dated**: July 7, 2015

*/s/ Jeremy M. Glapion*_____
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive, Suite 102
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com